OPINION
Defendant-appellant, Brad A. DeHart, appeals his classification as a sexual predator pursuant to R.C. 2950.09(C).
In May 1996, appellant pleaded guilty to one count of sexual battery and was sentenced to two years in prison. In 1997, the department of rehabilitation and correction recommended that appellant be classified as a sexual predator pursuant to R.C.2950.09(C). On September 8, 1997, the trial court conducted a hearing and adjudicated appellant a sexual predator.[1] The matter is now before us upon the granting of appellant's motion for delayed appeal.
Appellant's two assignments of error claim that R.C. Chapter 2950, as applied through R.C. 2950.09, is an impermissible ex post facto law in violation of Section 10, Article I, United States Constitution and violates the prohibition against retroactive laws embodied in Section 28, Article II, Ohio Constitution.
In State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, this court considered similar assignments of error. We concluded that the sexual predator law is not punitive and does not violate the federal constitutional prohibition against ex post facto laws. Id. at 22. Furthermore, we found that the various provisions in the law are remedial, not substantive, and do not violate the Ohio constitutional proscription against retroactive legislation. Id. at 26.
Accordingly, appellant's assignments of error are overruled on the authority of Lyttle. See, also, State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported; State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-046, unreported; and State v. Ramsey (Dec. 22, 1997), Clermont App. No. CA97-03-025, unreported.
The trial court's judgment is affirmed.
YOUNG, P.J., concurs.
KOEHLER, J., dissents.
[1] Appellant's brief states that the trial court found him to be a sexual predator "after he had pleaded guilty to the offense and after he completed serving his sentence." (Emphasis in original.) While appellant clearly pleaded guilty prior to any hearing under R.C. Chapter 2950, the remaining claim that appellant had "completed serving his sentence" was a typographical error. Counsel conceded such at oral argument and admitted that appellant was still incarcerated when adjudicated a sexual predator.